Wang v. Lynch

BIA
Wright, IJ
A205 237 038

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

CHUN LING WANG,
> *Petitioner,*

v.                                           **15-1862**
                                             **NAC**

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Keith S. Barnett, New York, New York. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; John M. McAdams, Jr., Trial Attorney, Office of Immigration Litigation, United States |

Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chun Ling Wang, a native and citizen of People's Republic of China, seeks review of a May 18, 2015, decision of the BIA affirming the May 13, 2014, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Ling Wang,* No. A205 237 038 (B.I.A. May 18, 2015), *aff'g* No. A205 237 038 (Immig. Ct. N.Y. City May 13, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

Absent past persecution, an applicant such as Wang may establish eligibility for asylum by demonstrating a

2

well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  To establish a well-founded fear, an applicant must show either a reasonable possibility that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to her.  8 C.F.R. § 1208.13(b)(2)(iii).

The agency did not err in finding that Wang failed to establish a well-founded fear of being singled out for persecution on account of her religion.  She admitted that she had not attended church regularly either in China or the United States.  Given that admission, the agency did not err in requiring additional corroboration of her religious practice even though it had deemed her credible.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-99. Wang failed to submit any such corroboration.

Wang admitted that the priest at her church refused to issue a certificate of attendance or testify on her behalf because she had not attended church regularly.  Nor did she ask her fellow church members in the United States or her family for statements to corroborate her church attendance.

3

A letter from the friend who introduced Wang to Catholicism in China states only that Wang attended church a few times in China, and does not indicate that Wang's friend has suffered any harm in China on account of her own religious practice. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding future fear diminished when similarly situated individuals are able to live unharmed in asylum applicant's native country).

Accordingly, the agency did not err in finding that Wang failed to demonstrate an objectively reasonable fear of being singled out for persecution on account of her Catholic faith. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."); *see also Chuilu Liu*, 575 F.3d at 196-98.

The agency also did not err in determining that Wang failed to establish a pattern or practice of persecution of similarly situated individuals. The country conditions evidence in the record reflects that tens of millions of individuals practice in unregistered churches in China, and that in some areas such practice is tolerated without interference. Therefore, Wang failed to demonstrate "systemic or pervasive" persecution of similarly situated Catholics sufficient to demonstrate a

4

pattern or practice of persecution in China. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009).

Because the agency reasonably found that Wang failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum, withholding of removal, and CAT relief given that all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk